UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANGELINE HALL,

    Petitioner,

    v.

MICHAEL J ASTRUE,

    Respondent.

No. C09-5406BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

    This matter comes before the Court on the Report and Recommendation of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 19), and Petitioner's ("Hall") objection to the report and recommendation (Dkt. 21). The Court has considered the Report and Recommendation, Hall's objections, the Respondent's ("Astrue") response, and the remaining record, and hereby adopts the Report and Recommendation for the reasons discussed herein.

## I. PROCEDURAL AND FACTUAL HISTORY

    On May 19, 2010, the Magistrate Judge issued a report and recommendation, concluding that the ALJ properly found Hall not to be disabled and affirming the ALJ's decision. Dkt. 19. On June 3, 2010, Hall objected to the Report and Recommendation. Dkt. 21. On June 14, 2010, Astrue filed a response to Hall's objections. Dkt. 22.

    Hall contends that the ALJ erred in denying her disability claim. The Magistrate Judge concluded that the ALJ's decision was not without error but that any error was harmless or cured by the Commissioner's review of the matter. *See, e.g.,* Dkt. 19 at 7.

ORDER – 1

## II. DISCUSSION

**A.    Standard of Review**

The Magistrate Judge properly set out the controlling law in this matter:

> This Court must uphold the Commissioner's determination that plaintiff is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Fife v. Heckler*, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Carr v. Sullivan*, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

Report and Recommendation at 3. Therefore, to prevail in this matter, Hall must establish that the Commissioner did not affirm the ALJ's ruling based on substantial evidence. *See id.*

**B.    Hall's Objections**

**1.    ALJ Erred In Making Complete Findings**

Hall contends that the Magistrate Judge did not address the ALJ's lack of discussion regaring the "physical and mental demands of [her] past job/occupation." Dkt. 21 at 3. This is not true. Indeed, the Magistrate Judge did discuss this issue and concluded that the ALJ considered this information in reaching a decision. *See* Dkt. 19 at 4.

**2.    ALJ Erred In Not Considering Lay Testimony**

Hall argues that the ALJ's error in failing to consider the lay testimony of her husband regarding Hall's claimed disability was not harmless error. Dkt. 21 at 5. However, the Magistrate Judge concluded that the Commissioner determined that this error on the part of the ALJ was not dispositive because the information to be provided by Hall's husband was inconsequential in that it was no different than what Hall provided on her own. *See* Dkt. 19 at 7. An error is harmless where it is inconsequential to the disability determination. *See Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The

ORDER – 2

Court concludes that the Commissioner was correct to find this error of the ALJ to be harmless.

### 3. ALJ Erred In Properly Evaluating Claimant's Mental Limits

Hall argues that the Magistrate Judge incorrectly concluded that Dr. Price's evaluation was improperly valued by the ALJ in determining that her mental status did "not necessarily translate into work-related limitations." *See* Dkt. 21 at 8. Specifically, Hall argues that the Magistrate Judge's opinion is based on *post hoc* rationales that were not stated in the ALJ decision.

On the contrary, Dr. Price's evaluation provided evidence on which the ALJ concluded that Hall's mental status would not necessarily limit her ability to work in certain fields. Indeed, Dr. Price expressly opined that Hall "probably would not be hampered in employment by her mental symptoms." These are adequate facts on which the ALJ could base an opinion.

### 4. ALJ Erred In Evaluating Medical Evidence

Hall argues that the Magistrate Judge engaged in a *post hoc* review of the ALJ's decision to discredit Dr. Lamonica's opinion regarding Hall's condition. *See* Dkt. 21 at 8-10. However, even if Hall established that the ALJ could have considered other evidence from, or related, to Dr. Lamonica's opinion, this is not the standard. In order to reverse the Commissioner's decision to affirm the ALJ's decision, Hall must show that the decision was not reached based on substantial evidence. Hall has not done so in this instance.

### 5. ALJ Erred In Evaluating Hall's Testimony of Her Symptoms and Limits

Hall challenges the report and recommendation on the basis that the ALJ's discrediting of Hall's testimony was not well supported. *See* Dkt. 21 at 10-12. However, Hall's argument focuses too narrowly on a few facts that may weigh in her favor and loses sight of the many facts that support the ruling against her. Indeed, the ALJ found that (1) Hall did not have a severe mental impairment (Tr. 14); (2) Hall, herself, reported that she had never received treatment for depression (Tr. 277); (3) Hall, while she may not be able to

ORDER – 3

perform the type of work she loved, could still perform work that she had experience in (*see* Tr. 279); (4) Dr. Price expressly opined that Hall "probably would not be hampered in employment by her mental symptoms" (Tr. 279); and (5) Dr. Lamonica opined that, if Hall went back to work, she might have missed only a few days of work per month (Tr. 350). In short, the ALJ concluded that, while Hall may not be able to perform her most recent type of work, she would most likely be able to perform her past employment as a financial planner. *See* Tr. 16, 20 (discussing past relevant work experience). These facts provide an adequate basis on which the ALJ could discredit Hall's testimony.

### 6. Conclusion

The Court concludes that the record as a whole contains substantial evidence that supports the Commissioner's decision to affirm the ALJ in this matter. The Court must, therefore, uphold the Commissioner's decision. *See Heckler*, 785 F.2d at 1425.

### III. CONCLUSION

Therefore, the Court **ADOPTS** the report and recommendation and **AFFIRMS** the ALJ's decision in this matter.

DATED this 22nd day of July, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER – 4